Dear Senator Nunez:
In response to your letter dated January 6, 1996, requesting the ability of a senator to purchase the equipment from the State that he has been assigned for his district office, I believe that it would be beneficial to get a historical perspective concerning the legislation which allows members of the legislature to purchase certain equipment and furniture. Please be advised as follows:
La. R.S. 24:31.6(A) authorizes each member of the legislature to receive an allowance for the purpose of purchasing office furniture and equipment to be utilized in the conduct of his office. This section was added by Act 44 of the 1975 Regular Session, to allow each member $1,000 in the aggregate while serving in the legislature, not renewable upon election for a subsequent term of office, to purchase office furniture and equipment. The presiding officer could authorize the expenditure of monies in excess of a member's allowance for the sole purpose of replacing or making major repairs to any piece of equipment or furniture purchased under the provisions of the section. Act 44 specifically provided that upon termination of office, the legislator must relinquish such property to the officers of his house.
La. R.S. 24:31.6 was amended by Act 554 of the 1980 Regular Session to grant an additional $250 allowance to each legislator who has served one or more four-year terms in the legislature for the purpose of purchasing, replacing or making major repairs to any piece of equipment or furniture acquired under the provisions of this section. This new provision applied only to service rendered as a legislator after May 10, 1976.
Act 330 of the 1984 Regular Session amended La. R.S.24:31.6(D) to add the provision allowing legislators to purchase equipment or furniture purchased under the provisions of this Section at a cost to be determined by the presiding officer or agents of his house.
The Section was amended yet again in 1992 by Act 520, by increasing the allowance for a first time legislator to $2,000 and providing that the presiding officer may authorize the expenditure of monies in excess of a member's allowance for the purchase of a standard suite of office furniture, as that standard is defined by resolution of the Legislative Budgetary Control Council. Additionally, the amendment increased the allowance for incumbent legislators from $250 to $500 for each subsequent term. Subsection (D) was also amended to provide that the authority to purchase furniture shall not encompass the standard suite of furniture purchased.
Thus, the only furniture and equipment which may be purchased under the authority of Subsection (D) is that which was purchased with the dollar allotments provided in Subsections (A) and (B), and the amount of those allotments will vary with the individual legislator and when they were first elected. A legislator who was first elected to office in 1992, for example, would only be entitled to purchase the furniture and equipment, not including the standard suite of furniture, that was purchased with the $2,000 allotment. On the other hand, a legislator who had served since 1969, for example, could purchase only that furniture and equipment acquired with the $1,000 allotted in 1975, the $250 per term for the terms beginning in 1976, 1980, 1984 and 1988, and the $500 per term for the term beginning in 1992, or a total of $2,500.
While there is provision for the presiding officer to authorize the expenditure of monies in excess of a member's allowance to replace or make major repairs to any piece of equipment or furniture purchased under the provisions of this section, Subsection (D) does not authorize a legislator to purchase more than the furniture and equipment acquired with the dollar allotments. We can find no authority for a legislator to purchase the equipment and furniture he acquired with funds other than the dollar allotments set forth in La. R.S. 24:31.6.
I would also note that while Subsection (D) authorizes the presiding officer of each house to determine the price the legislator may pay to purchase the furniture and equipment, that price must be in accordance with the Louisiana Constitution, specifically Article VII, Section 14(A) which prohibits the donation of public property. Thus, it is suggested that the legislator be charged the fair market price for comparable used equipment.
I trust that this responds adequately to your request,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/msh cc: Sen. Randy Ewing